UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SERGEY SAGAN and YULIYA SAGAN,<br><br>                Plaintiffs,<br><br>   v.<br><br>IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,<br><br>                Defendants. | Case No. 1:12-cv-00355-EJL-MHW<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS** |

Currently pending before the Court are two sets of motions to dismiss.[1] In the first motion (Dkt. 53), Defendant Mortgage Electronic Recording System ("MERS") requests dismissal on the basis that Plaintiffs have failed to state a claim upon which relief can be granted. Related to this motion is a motion to take judicial notice (Dkt. 54), also filed by MERS. Several additional Defendants, namely Tracy Childers, Ryan M. Fawcett and the Idaho Housing and Finance Association (collectively the "IHFA Defendants") seek dismissal under 12(b)(6) on various legal grounds. (Dkt. 57). This case was referred to the undersigned

---

[1]This case has had a rather convoluted procedural history and these are not the first dispositive motions upon which the Court has ruled. Several defendants previously requested dismissal on the basis that the Plaintiffs had not properly effected service on them within the designated time frame, and another Defendant, Stewart Title, also requested dismissal on the basis that the Plaintiffs have failed to state a claim. (Dkts. 20 & 29). After a hearing on December 6, 2012, the Court granted Stewart Title's motion to dismiss and allowed Plaintiffs an additional fifteen days in which to effect service. (Dkts. 45 and 46).

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS,  1**

United States Magistrate Judge for all matters on July 18, 2012. (Dkt. 11). Despite having been given notice of the consequences of failing to respond to motions to dismiss, Plaintiffs have not filed oppositions to either of these motions. Having carefully reviewed the record, the Complaint, and the arguments raised in Defendants' various motions, and otherwise being fully advised, the Court now enters the following Report and Recommendation recommending dismissal of this case in its entirety.

## FACTS

This is a civil action stemming from a non-judicial foreclosure proceeding that took place in Ada County, Idaho. The Plaintiffs purchased a home at 12271 Murchison Street in Boise Idaho, in March of 2008. (Complaint, p. 2, Dkt. 2). When they fell behind on their payments they were granted one loan modification in January of 2010 but according to their Complaint the payments remained too high. (*Id.*). They sought a second modification, but non-judicial foreclosure proceedings were eventually instituted. (*Id.* at p. 3).

After the foreclosure proceedings had been completed, the Sagans failed to vacate the premises. Therefore, on January 5, 2013, the IHFA filed an unlawful detainer action in state court. (Fawcett Aff., ¶ 5 & Exh. C, Dkt. 59-3). In their answer to the complaint in the unlawful detainer case, the Sagans raised various defenses, including lack of standing, failure to produce the original "wet ink" note, violations of the Idaho Consumer Protection Act, unlawful dual process" or "dual tracking," by which they asserted that the IHFA improperly began foreclosure proceedings while a modification application was pending. (*Id.* at Exh. D, Dkt. 59-4). They also alleged that the Successor Trustee, Ryan Fawcett, had violated certain

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, 2**

bar regulations due to having an interest in the foreclosed property. (*Id.*). Plaintiffs also raised several counterclaims, including fraud and unjust enrichment, facilitation of fraud by Fannie Mae, intentional and negligent infliction of emotional distress, and violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Idaho Deed of Trust Act, and RICO. (Dkt. 59-4). Judgment was entered in favor of the IHFA by Ada County Magistrate Judge Christopher Bieter on January 24, 2012. (Dkt. 59-5). The Sagans appealed this judgment and the order was stayed pending appeal. (Dkts. 59-6 to 59-8). The appeal, however, was dismissed on June 28, 2012 after the Sagans failed to file an opening brief within the allotted time frame. (Dkt. 59-9).

Even before the IHFA had filed its unlawful detainer action, the Sagans had filed another action in state court. This action was styled a "verified petition for *In Rem* Action to Validate Respondents' Interest and Standing to Initiate Property Foreclosure Sale," and was filed on December 6, 2011. (Dkt. 59-10). This petition, which was filed against the same defendants as in this lawsuit, raised many of the same issues that Sagans raised as defenses in the unlawful detainer action: standing and/or lack of the "wet ink" note, fraud, and somewhat more vaguely, violation of "several state and federal statutes and laws governing their procedures in foreclosure action of Petitioners' property." (Id. p. 4). This case was dismissed due to inactivity on September 12, 2012. (Dkt. 59-12). At that point, the Sagans had already initiated the present federal lawsuit, which was filed on July 13, 2012.

## DISCUSSION

As indicated above, Plaintiffs have failed to respond to either of the two motions at

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, 3**

Case 1:12-cv-00355-EJL-MHW Document 66 Filed 08/22/13 Page 4 of 11

issue here. Pursuant to Idaho's Local Civil Rules, a plaintiff's failure to timely respond to a motion to dismiss "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Local Rule 7.1(e)(2). *See also, Miller v. BAC Home Loan Servicing, LP,* 2011 WL 4601045 (D. Idaho 2011). The Ninth Circuit has also held that a pro se litigant's failure to oppose a motion to dismiss may be deemed consent to the granting of the motion. *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995). The Court concludes that such a dismissal is warranted here. First, though the Ninth Circuit has held that a district court may dismiss a pro se litigant's case even without providing warning of the consequences of failing to respond, *Holt v. I.R.S.,* 231 Fed.Appx. 557 (9th Cir. 2007), in this case, such a notice was specifically provided. On January 14, 2013, the Court filed two documents entitled "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements," one for each of the dispositive motions at issue here. These notices explained that Rule 12 motions to dismiss had been filed and that "failure to file a response will constitute your consent to the Court granting the motion." (Dkts. 61 and 62).

The Ninth Circuit has set forth several factors to be weighed in dismissing a case, which Courts are to consider when deciding whether to dismiss a case for failure to respond to a dispositive motion. These factors include: 1) the public's interest in expeditious resolution of litigation 2) the Court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits and 5) the availability of less drastic sanctions. *Henderson v. Duncan,* 779 F.2d 142, 1423 (9th Cir. 1986). Factors one through three weigh heavily in favor of dismissal. In addition to these

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, 4**

factors, the Court also finds that dismissal based the Plaintiffs' failure to file a response is particularly appropriate here, since the Plaintiffs appear to have a pattern of filing lawsuits and/or appeals and then letting them languish. Such behavior, if condoned, would place a tremendous strain on already overburdened courts.

As for factors four and five, the public policy in favor of disposing cases on their merits and the availability of lesser sanctions, the Court has reviewed both the Plaintiffs' Complaint and the submissions of the Defendants and concludes that the Plaintiffs' claims appear to be meritless. Likewise, the motions to dismiss appear to be meritorious.

In its motion, MERS argues that Plaintiffs have failed to identify the role it played in the underwriting or foreclosure of their mortgage. MERS has also filed a motion for judicial notice, (Dkt. 54), in which it requests that the Court take judicial notice of various public documents that demonstrate that it was not in any way involved in the transactions giving rise to this lawsuit, as either a lender, a loan servicer, or as a trustee. It is well settled that a federal court may take judicial notice of state court proceedings, or of "the records of state agencies and other undisputed matters of public record" without turning a motion to dismiss into a motion for summary judgment. *Gilbert v. Bank of America Corp.,* 2012 WL 4470897 (D. Idaho 2012). The Court agrees that the documents submitted by Stewart Title do not disclose any involvement by MERS in the transactions giving rise to this lawsuit, either as a lender, loan servicer, trustee, or otherwise. (Dkts. 55-1-55-6). Therefore, MERS's motion to dismiss appears to be well taken.

As for the arguments raised by the IHFA defendants, it is clear that in Idaho failure to

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, 5**

produce the original "wet ink" signature on loan documents does not entitle a homeowner to relief. This is simply a version of the "show me the note" argument that this Court and Idaho courts have routinely rejected. *See, e.g., Trotter v. Bank of New York Mellon,* 152 Idaho 842, 275 P.3d 857 (2012); *Whalen v. Bank of America N.A.,* 2013 WL 3149477 (D. Idaho 2013); *Showell v. BAC Home Loans Servicing, LP,* 2012 WL 410572 (D. Idaho 2012). The standing or "show me the note" argument appears to be a primary focus of Plaintiffs' Complaint, and the sole basis for Counts I and II of the Complaint.[2] These arguments would clearly go nowhere even if Plaintiffs were granted a further opportunity to respond.

As for the RESPA claim in Count III which references improper "dual tracking," though that procedure has become increasingly controversial in recent years, the Court is aware of no authority specifically banning it that would apply to the IHFA Defendants in this case. California has recently outlawed or restricted the practice, *see, e.g. Lindberg v. Wells Fargo Bank. N.A.,* 2013 WL 1736785 (N.D. Cal. 2013), and it was also addressed in a 2012 settlement between the federal government, forty-nine state attorneys general, and several of the nation's largest banks.[3] But the Court can find no authority indicating that the practice has been outlawed in Idaho or at the federal level. *Cf., Young v. CitiMortgage, Inc.,* 2013 WL

---

[2]The first (unnumbered) Count is titled, "Defendants Lack of Standing and Wrongful Foreclosure," and repeatedly references the standing issue and Plaintiffs' alleged inability to determine the true holder of the note. (Dkt. 2, p. 4). Count II States that "Defendants Initiated the Non-Judicial Foreclosure Without Authority, and the Question About Whether the Defendants Had the Authority is a Factual Question." *(Id.)* It too repeatedly invokes the concept of standing and the notion that every action shall be prosecuted in the name of the real party in interest.

[3]*See www.ag.idaho.gov/media/newsReleases/2012/nr_02092012.html.*

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS, 6**

3336750 (W.D. Va. 2013) (rejecting arguments that complaints of dual tracking amount to fraud or breach of contract absent statute, settlement, or contract specifically banning the practice). The Court also notes that in this particular case, the Plaintiffs had actually been granted one loan modification before foreclosure proceedings were instituted. The only other reference to RESPA in Plaintiffs' Complaint comes in paragraph 1.9, in which they allege that they sent correspondence to Defendants asking to see the wet ink signature deed. (Complaint, Dkt. 2, ¶ 1.9). However, requests to obtain such documents are not "Qualified Written Requests" under RESPA. *In re Thorian,* 387 B.R. 50, 70 (D. Idaho 2008).

Count IV invokes the Fair Debt Collection Practices Act and alleges that Defendants violated this act by "tampering with the modification process," which "deprived them of their rights to a fair and equitable determination of payments." (Dkt. 2, p. 5). However, foreclosure and related activities do not fall within the provisions of the FDCPA. *Cherian v. Countrywide Home Loans, Inc.,* 2012 WL 5879281 at * 4 (D. Idaho 2012). Additionally, this count appears to simply be another version of the "dual tracking" argument.

Finally, Count V is an extremely vague constitutional challenge to Idaho Rules of Evidence and statutes regarding self-authentication of documents that allow recorded deeds to be self-authenticated, without the need to file an original. This appears to be just another version of the standing argument, and is also without merit.

In addition to these claims, the Complaint also references unspecified violations of various other statutes, including the Truth in Lending Act and the Fair Credit Billing Act. Without the benefit of a response from Plaintiffs, it is of course impossible for the Court to

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS,   7**

discern whether they would have meritorious claims arising under these statutes or any other statute. However, the fact that Counts I through V are clearly invalid strongly suggests that they do not.

Finally, and as an independent basis for dismissal, it appears that all claims in this case are barred by the doctrine of claim preclusion or res judicata. That doctrine applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.* 244 F.3d 708, 713 (9th Cir. 2001); *See also, McClain v. Apodaca,* 793 F.2d 1031, 1032-33 (9th Cir. 1986). Because the claims in this case are identical to the defenses and counterclaims that Plaintiff raised in the state court unlawful detainer action, they are precluded here. Res judicata would preclude all claims that either were brought, or which could have been brought, in a prior action. This Court has previously recognized that claims of the type Plaintiffs assert here are capable of being raised as defenses to unlawful detainer, eviction, or foreclosure proceedings in state court. *Mortensen v. Mortgage Electronic Registration Systems, Inc.,* 2012 WL 4482040 at * 5 (D. Idaho 2012). It is equally clear that, though the Plaintiffs' independent state court lawsuit was dismissed for lack of prosecution, the unlawful detainer case proceeded to a final judgment (Dkt. 59-5).

For these reasons, a the suit against the IHFA would clearly be barred. The only question is whether that doctrine also bars the claims against the individual defendants–Ryan Fawcett and Tracy Childers. The Court concludes that it does. Res judicata precludes not only claims against the same parties as in a prior lawsuit, but also claims against individuals in

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS,   8**

privity with those parties. Employees or agents of an organization are considered to be in privity if they are so identified with the organization that they represent "precisely the same right in respect to the subject matter involved." *Konarski v. City of Tuscon,* 289 Fed.Appx. 242 (9th Cir. 2008). *See also, Thurman v. General Mills Operations, Inc.* 210 Fed.Appx. 614 (9th Cir. 2006). As employees or agents of the IHFA, Childers and Fawcett would have had the same interests as the IHFA with respect to the foreclosure proceedings.

For all the foregoing reasons, the Court recommends that the case be dismissed in its entirety.  To the extent that the Court is able to discern the basis of the Plaintiffs' claims, they appear to lack merit and also to be barred by the doctrine of res judicata.  As an independent basis for dismissal, Plaintiffs have also failed for several months to respond to the motions to dismiss.  If the District Court adopts the recommendations herein, the undersigned also recommends that an order be entered expunging or declaring void the lis pendens referenced at Exhibit "M" to the Affidavit of Charles Fawcett. *See, Anderton v. Avery Financial Services,* 2011 WL 4584936 (D. Idaho 2011).

## ATTORNEY FEES

Finally, both sets of defendants request attorneys fees.  MERS seeks them on the basis that the claims against it were filed frivolously, unreasonably, or without foundation.  (Dkt. 56 at p. 5).  The IHFA Defendants argue that the claims against them were frivolous and also point to a provision in the Deed of Trust which they claim supports an award of fees. Specifically, they point out that Section 9 of the Deed of Trust states that if there is a legal proceeding "that might significantly affect Lender's interest in the Property" the lender may

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS,  9**

"do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property," including appearing in court and paying reasonable attorneys fees to protect its interests. The Deed of Trust also specifically states that "any amounts disbursed by Lender under this Section 9 "shall become additional debt of Borrower secured by this Security Instrument."

These requests are worthy of consideration. However, the Federal Rules of Civil Procedure specify that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. Pro.54(d)(2). A motion for attorney fees must also state the amount sought, or provide a fair estimate. Fed. R. Civ. Pro. 54(d)(2)(B)(iii). Neither set of Defendants styled their motions as a request for attorneys fees or specified the amount sought; the only indication that their motions sought them at all came at the end of their memoranda. The rule that fee requests be made by motion is far from being a formality and is particularly important in a case involving pro se litigants, who may not know what to expect. Therefore, while the Court recommends denying the requests for fees at this time, Defendants are free to renew them via a proper Rule 54 motion if the District Court concludes that dismissal of the case is warranted.

## RECOMMENDATION

1. The undersigned recommends that the Motion to Dismiss filed by MERS (Dkt. 53) and the IHFA Defendants (Dkt. 57), be **GRANTED**. The related Motion to Take Judicial Notice (Dkt. 54) shosuld also be **GRANTED.**

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS,   10**

2. If the Court chooses to adopt this recommendation, an order expunging the lis pendens similar to the one entered in *Anderton v. Avery Financial Services,* 2011 WL 4584936 (D. Idaho 2011) would also be appropriate.

3. The Court further recommends that a ruling on the issue of attorney fees be reserved until such time as Defendants submit a request that complies with the requirements of Rule 54(d).

4. Written objections to the Recommendations set forth herein must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 22, 2013

Honorable Mikel H. Williams
United States Magistrate Judge