UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SERGEY SAGAN and YULIYA SAGAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00355-EJL-MHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 22, 2013, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation ("Report") in this matter. (Dkt. 66.) The Report sets forth the underlying factual and procedural history of the case and recommends that the Defendants' Motions to Dismiss be granted. (Dkt. 66.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report. No objections were filed by the parties and the time for doing so has passed.

### DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report.[1] The Court has, however, reviewed the Report as well as the record in this matter and finds no clear error on the face of the record. The Magistrate Judge properly set forth the law applicable to the Motions to Dismiss and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by the Magistrate Judge, this Court too finds that the Complaint fails to raise any viable claim against any of the Defendants. Further, the Court agrees that the claims raised here appear to be barred by claim preclusion or res judicata at least as to certain of the Defendants. As such, the Court finds that any amendment as to the claims would be futile such that leave to amend is not warranted in this case. The Court also finds that the Magistrate Judge properly afforded the Plaintiffs the proper consideration for the fact that they are proceeding *pro se* in this matter. Finally, the Court has considered the Defendants' requests for attorney fees and agrees that the Report properly recommends denying the request for fees at this time and suggests that Defendants may renew their motion, if they chose, to comport with the requirements of Rule 54.

In sum, the Court finds the Report is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and will grant the Defendants' Motions to Dismiss as stated therein.

---

[1] Notice of the Report and Recommendation was mailed to the Plaintiffs at their last known address provided to the Court. *See* Fed. R. Civ. P. 5(b) (Dkt. 66-68.)

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 66) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** as follows:

1) Defendants' Motions to Dismiss (Dkt. 53, 57) are **GRANTED**. Plaintiffs' Complaint against all Defendants is **DISMISSED** in its entirety without leave to amend.

2) Motion to Take Judicial Notice (Dkt. 54) is **GRANTED**.

3) Any *lis pendens* recorded by Plaintiffs related to the real property located at 12271 Murchison Street in Boise, Idaho that has not previously been expunged is hereby QUASHED AND EXPUNGED. If an additional order is needed from the Court, Defendants shall provide a proposed order with the necessary language to effectuate expungement. Plaintiffs are ordered ENJOINED from recording any further *lis pendens* or other documents encumbering title to the aforementioned property without leave of a court of competent jurisdiction.

DATED: **October 28, 2013**

Honorable Edward J. Lodge
U. S. District Judge